IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00700-EWN-MEH

DARRYL MARTIN,

    Plaintiff,

v.

DR. JAMES L. BRUFFY, M.D., in his individual capacity;
DEPARTMENT OF CORRECTIONS MEDICAL DIRECTOR STEPHEN R. KREBS, M.D., in his individual capacity;
PHYSICIAN HEALTH PARTNERS INSURER FOR DEPARTMENT OF CORRECTIONS MEDICAL, in their individual capacity;
STERLING UNKNOWN WHITE FEMALE NURSE, Sterling Correctional Facility; and
HEAD DOCTOR UNKNOWN WHITE FEMALE, in her individual capacity;

    Defendants.

## RECOMMENDATION ON MOTION TO DISMISS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is a Motion to Dismiss From Defendants James L. Bruffy, Stephen R. Krebs and Physician Health Partners [Filed June 21, 2007; Doc #28]. By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b). For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motion.

## BACKGROUND

This lawsuit was originally submitted on April 2, 2007, and, after deficiencies were cured, was accepted for filing on April 19, 2007, with the Plaintiff proceeding *in forma pauperis* [Doc #7]. In response to the Complaint, Defendants timely filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on June 21, 2007. The matter has been fully briefed.

**DISCUSSION**

The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994). In ruling on a motion to dismiss, a court "must construe the complaint in favor of the complaining party," *Utah v. Babbitt,* 137 F.3d 1193, 1204 (10th Cir.1998), and must draw all reasonable inferences in favor of the plaintiff. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir. 1976). The Court will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief (*see Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998)), or when an issue of law is dispositive (*see Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

The allegations in Plaintiff's complaint "must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995). In addition, only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.* Because Plaintiff is proceeding *pro se,* I must construe her complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Even construing the Complaint liberally, I find that Plaintiff has failed to state a claim against Defendants upon which relief may be granted.

A.   <u>Defendant James L. Bruffy, M.D.</u>

Plaintiff's first claim for relief states that "Dr. James L. Bruffy M.D. [sic] violated my 8th

Amendment rights in the U.S. constitution [sic] as well as other rights and prison regulations." [Complaint at 4.] Plaintiff alleges that, as a result of a spermatocelectomy performed by Dr. Bruffy on June 4, 2004, Plaintiff has experienced pain, swelling and a "new growth" on his left testicle. [*Id.*] In addition, Plaintiff alleges that Dr. Bruffy "permanently removed my ability to ejaculate" and that Dr. Bruffy's "actions during surgery led to my being recommended for another surgery called an epididymectomy as well as some other procedure I am not aware of." [*Id.*] Finally, Plaintiff claims that "Dr. James L. Bruffy's negligence in his surgery on me put me at risk for another surgery and the loss of manly functions and pain and swelling." [*Id.*]

In response to the individual capacity claims brought against him, Defendant Bruffy has raised the defense of qualified immunity. The plaintiff initially bears a heavy two-part burden when the defendant pleads the defense of qualified immunity. *Mick v. Brewer,* 76 F.3d 1127, 1134 (10th Cir. 1996); *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995). The plaintiff must demonstrate: (1) the defendant's conduct violated the law; and (2) the law was clearly established when the alleged violation occurred. *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio,* 847 F.2d 642, 646 (10th Cir. 1988). Only if the plaintiff establishes the defendant violated clearly established law, does the burden return to the defendant. *County of Sacramento v. Lewis,* 523 U.S. 833, 841 n. 5 (1998); *see also Mick,* 76 F.3d at 1134.

Applying these principles, a plaintiff must first demonstrate the individual defendant's conduct violated the law by coming forward with specific facts establishing the violation. *Taylor v. Meacham,* 82 F.3d 1556, 1559 (10th Cir.), *cert. denied,* 519 U.S. 871 (1996). "Plaintiff has the 'burden to show with particularity facts and law establishing the inference that defendant violated a constitutional right.'" *Abeyta By & Through Martinez v. Chama Valley Ind. Sch. Dist. No. 19*, 77 F.3d 1253, 1255

(10th Cir. 1996) (quoting *Walter v. Morton,* 33 F.3d 1240, 1242 (10th Cir. 1994)).  Conclusory, nonspecific and generalized allegations of constitutional deprivations are insufficient. *Pride v. Does,* 997 F.2d 712, 716 (10th Cir. 1993).

A state actor violates the Eighth Amendment's cruel and unusual punishment clause when the actor's conduct demonstrates he or she was deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976).  "For a prison official to be found liable of deliberate indifference under the Eighth Amendment, the official must 'know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference.'" *Perkins v. Kansas Dep't of Corrections,* 165 F.3d 803, 809 (10th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Differences of opinion over the medical treatment an incarcerated inmate received do not rise to the level of a constitutional violation. *Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 781 (10th Cir. 1999); *see also Johnson v. Stephan,* 6 F.3d 691, 692 (10th Cir. 1993).  The Eighth Amendment does not provide an inmate with the medical treatment of his choice.  *Frohmader v. Wayne,* 766 F. Supp. 909, 916 (D. Colo. 1991), *aff'd in part, rev'd in part on other grounds,* 958 F.2d 1024 (10th Cir. 1992).

Here, Plaintiff's allegations against Dr. Bruffy essentially rise to the level of a negligence claim.  None of the allegations raised in the Complaint either state or imply that Dr. Bruffy knew of and disregarded a risk to Plaintiff's health during the June 4, 2004 surgery.  In fact, the Plaintiff states plainly in his Complaint that "Dr. James L. Bruffy's *negligence* in his surgery on me put me at risk for another surgery and the loss of manly functions and pain and swelling." [Complaint at 4 (emphasis added).]  However, allegations of negligence are insufficient to state a valid 42 U.S.C.

§ 1983 claim. *Estelle,* 429 U.S. at 105-06; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Moreover, although not specifically alleged in the Complaint, any negligence claims by Plaintiff against Dr. Bruffy are, in essence, medical malpractice claims. *See Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). In this case, Plaintiff has failed to submit a certificate of review pursuant to Colo. Rev. Stat. § 13-20-602(1), which is necessary for malpractice actions in which expert testimony would be required to establish the Plaintiff's *prima facie* case. *Id.; see also Giron v. Koktavy*, 124 P.3d 821, 825 (Colo. App. 2005), *cert. denied*, 2005 WL 3764930 (Colo. Dec. 19, 2005). Here, there is no question that expert testimony of a surgeon would be required to show whether Dr. Bruffy was negligent during the June 4, 2004 surgery. Consequently, in accordance with Colo. Rev. Stat. § 13-20-602(4), Plaintiff's negligence claims against Dr. Bruffy, if any, must be dismissed.

Because the Plaintiff has failed to demonstrate that Defendant Bruffy's conduct violated the law under the qualified immunity principles, this Court recommends that the District Court dismiss Plaintiff's claims against Dr. Bruffy.

B.   Defendant Stephen R. Krebs, M.D.

Plaintiff's second claim for relief alleges that Dr. Krebs, Medical Director for Physician Health Partners, violated his Eighth Amendment and other rights by denying him a "second testicular surgery which another doctor i [sic] was examined by recommended." [Complaint at 5.] Plaintiff also alleged that "Dr. Krebs should have personally examined" him. [*Id.*] Plaintiff claims that Dr. Krebs' "inaction led to my still needing an epididymis removal and my continued swelling of the testicles [sic] my inability to play sports and move around and perform manly functions i.e. . [sic] masturbate and ejaculate." [*Id.*]

The documents attached to Plaintiff's Complaint reflect that Christopher T. Harrigan, M.D. consulted with Plaintiff regarding "left testicular pain" on June 30, 2006. [Complaint, Exhibit N.][1] Dr. Harrigan informed the Plaintiff of "the difficulty in treating this, particularly since there is not a definitive spermatocele present on the epididymitis." [*Id.*] The doctor gave the Plaintiff the option of "watching this conservatively versus proceeding with a left epididymectomy," and explained the risks of proceeding with the epididymectomy, a surgical procedure. [*Id.*] The Plaintiff apparently stated that he chose to proceed with the surgery. [*Id.*] On July 10, 2006, Dr. Harrigan submitted a request for approval of the surgery. [Complaint, Exhibit O.]

Dr. Krebs denied the request on July 13, 2007, stating that "the information provided indicates a normal exam, ultrasound of scrotum shows minimal spermatoceles, and no documentation of response to conservative treatment." [Complaint, Exhibit Q.] An Ambulatory Health Record, dated August 8, 2006, shows that Plaintiff saw Tejinder Singh, M.D. for hypoglycemia and because he "wants me to schedule him for surgery and over rule [sic] the denial for spermatocelectomy." [Complaint, Exhibit SS.]   Dr. Singh notes,

> Left scotrum [sic] area no spermatocele palpated. Epididmysis (left)
> tender to palpation. Patient informed that PHP has denied his
> request for surgery. Patient adamant that he wants surgery. Will
> refer to Dr. Beecroft.

A subsequent health record, dated August 28, 2006, indicates that Patty Beecroft, M.D. appealed Dr. Krebs' decision, and that the surgery was again denied. [Complaint, Exhibit R ("I appealed it

---

[1] Without converting the Motion to Dismiss to a motion under Fed. R. Civ. P. 56, the Court may consider documents attached to the Complaint pursuant to Fed. R. Civ. P. 10(c) ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

and the committee wants to know if he was on NSAIDs and antibiotics").] Consequently, according to the record, Dr. Beecroft started the Plaintiff on a treatment of Rocephin and Doxycyline. [*Id.*]

A final Ambulatory Health Record, dated December 6, 2006, indicates that Plaintiff was seen by Jo Ann Stock, PA-C for a "complaint of lump on testicle, which is causing pain." [Complaint, Exhibit S.]   The record reflects that "[c]hart review shows Dr. Beecroft did all the necessary tests, and her request for a surgical excision was denied by Php [sic]." [*Id.*]  Ms. Stock noted "[p]atient's main concern seems to be that he cannot ejaculate." [*Id.*]  Ms. Stock states that she consulted with a "Dr. Frantz," and "in agreement" they determined that "since all the tests have been done and the conclusion has been drawn that this is not a medical necessity, we will stand behind the decision of PHP." [*Id.*]

Like Dr. Bruffy, Dr. Krebs has raised the defense of qualified immunity; consequently, the Plaintiff must first demonstrate that Dr. Krebs' conduct violated the law.  *See Pueblo Neighborhood Health Ctrs., Inc.,* 847 F.2d at 646.  Dr. Krebs would violate the Eighth Amendment's cruel and unusual punishment clause if his conduct demonstrates he was deliberately indifferent to the serious medical needs of the Plaintiff.  *See Estelle,* 429 U.S. at 104. Differences of opinion over the medical treatment an incarcerated inmate received do not rise to the level of a constitutional violation.  *Jennings,* 175 F.3d at 781.  And, the Eighth Amendment does not provide the Plaintiff with the medical treatment of his choice.  *Frohmader,* 766 F. Supp. at 916.

Here, Plaintiff has failed to show that Dr. Krebs was deliberately indifferent to his medical needs.  Dr. Harrigan offered Plaintiff a choice of proceeding with surgery (with all attendant risks)

or "watching this conservatively." Plaintiff chose to proceed with surgery, so, at Plainitiff's request, Dr. Harrigan submitted a written request for approval of the surgery. [Complaint, Exhibit O.] In denying the request, at most, Dr. Krebs disagreed with Dr. Harrigan's assessment that the epididymectomy was a "necessary" procedure, considering that Dr. Krebs saw nothing in the medical record indicating there had been more conservative treatment prior to surgery. Additionally, according to Plaintiff's Exhibit R, Dr. Beecroft submitted an appeal of Dr. Krebs' decision, and the appeal was denied apparently because "the committee wants to know if [the Plaintiff] was on NSAIDs and antibiotics." Consequently, Dr. Beecroft directed treatment of medication for the Plaintiff's testicle pain. [Complaint, Exhibit R.]

Since the Eighth Amendment provides the Plaintiff no choice for his preferred method of medical treatment, and Dr. Krebs' conduct, as alleged by the Plaintiff, constitutes nothing more than a difference in opinion over the Plaintiff's medical treatment, the Plaintiff's claims against Dr. Krebs do not rise to the level of an Eighth Amendment violation. And, as with Dr. Bruffy, any negligence or malpractice claims brought against Dr. Krebs would fail under Colo. Rev. Stat. § 13-20-602. In light of the foregoing, this Court recommends that Plaintiff's claims against Dr. Krebs be dismissed.

C.    Defendant Physician Health Partners

Plaintiff claims that Physician Health Partners ("PHP") violated his Eighth Amendment rights in that it was "medically indifferent to my needs for a second testicular surgery recommended by Dr. Harrigan." [Complaint at 6.] PHP is, apparently, the health care insurer for the Department of Corrections. [*See* Complaint; *see also* Motion, Exhibit A-1.] Plaintiff alleges that "Physician Health Partners knew Dr. Harrigan examined me 6-30-06 and recommended

another surgery was necessary." [*Id.*]  In addition, Plaintiff asserts that "Physician Health Partners exacerbated my testicular condition through negligence." [*Id.*]

Traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations. *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003), *cert. denied sub nom, Community Action Project of Tulsa County v. Dubbs*, 540 U.S. 1179 (2004).  An entity may be held liable for the constitutional violation of its employees only when employee conduct, which occurred pursuant to official policy, custom or practice, caused a constitutional violation. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978). That is, "[t]o establish municipal liability, a plaintiff must show (1) the existence of a corporate custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged." *Anaya v. Crossroads Managed Care Sys., Inc.,* 195 F.3d 584, 592 (10th Cir. 1999) (quoting *Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir.1997)); *see also Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  An entity cannot be held liable absent unconstitutional conduct by its representatives. *Graves v. Thomas,* 450 F.3d 1215, 1225 (10th Cir. 2006); *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir. 1993).

In this case, the Plaintiff fails to specify any policy, custom or practice on the part of PHP that might have caused a violation of his Eighth Amendment rights.  Nevertheless, PHP cannot be held liable absent constitutional misconduct by its employees. *See Graves*, 450 F.3d at 1225.  The only PHP employee named in this action is Dr. Krebs.  This Court has determined that Dr. Krebs engaged in no violation of the Plaintiff's Eighth Amendment rights.  Consequently, PHP cannot be held liable under the Eighth Amendment.

Nor can PHP be held liable for any negligence claim brought by the Plaintiff. Colorado follows the corporate practice of medicine doctrine, which states that a corporation or other entity cannot be held vicariously liable for the alleged negligent acts of a physician, since the corporation cannot interfere with the physician's independent judgment. *See, e.g., Estate of Harper v. Denver Health & Hosp. Auth.,* 140 P.3d 273, 275-76 (Colo. App. 2006) (describing the corporate practice of medicine doctrine under Colorado law); *see also Daly v. Aspen Ctr. for Women's Health, Inc.,* 134 P.3d 450, 452-53 (Colo. App. 2005), *cert. denied*, 2006 WL 1660813 (Colo. May 1, 2006) (same). Consequently, PHP cannot be held liable for Dr. Krebs' negligent conduct against Plaintiff, if any had occurred.

Therefore, this Court recommends that Plaintiffs claims against Defendant Physician Health Partners be dismissed.

## CONCLUSION

Accordingly, based on the foregoing and the entire record herein, it is hereby RECOMMENDED that the District Court **grant** the Motion to Dismiss filed by Defendants James L. Bruffy, Stephen R. Krebs and Physician Health Partners [Filed June 21, 2007; Docket # 28].

Dated at Denver, Colorado, this 31st day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge